UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CGI TECHNOLOGIES AND SOLUTIONS, INC., in its capacity as sponsor and fiduciary for CGI TECHNOLOGIES AND SOLUTIONS, INC. WELFARE BENEFIT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>RHONDA ROSE and NELSON LANGER ENGLE, PLLC,<br><br>Defendants. | CASE NO. C10-298RSM<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT |

**I. INTRODUCION**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. #31), Defendant Rose's Cross-Motion (Dkt. #41), and Defendant Nelson Firm's Motion for Summary Judgment (Dkt. #44). Plaintiff contends that it has valid equitable claims in the form of an equitable lien against both Defendants Rose and the Nelson Firm pursuant to §502(a)(3) of ERISA, and that it is entitled to reimbursement of benefits paid on behalf of Defendant Rose.

Defendants counter that Plaintiff is not entitled to full reimbursement both under principles of equity, and because Defendant has not been made whole following her injuries.  Defendant also argues that attorneys representing a plan beneficiary may not be reached by an equitable lien.

## II. BACKGROUND

Plaintiff CGI Technologies and Solutions, Inc. ("CGI"), an IT services firm, provides a self-funded welfare benefits plan ("Plan") to its employees and their dependents.  CGI alleges that the Plan qualifies as an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Plan contains a reimbursement and subrogation clause under which CGI has the right to recover the "reasonable value of any services and benefits" it has provided to a beneficiary out of any amounts paid to that beneficiary by certain listed third parties.  Reimbursement claims are given first priority under the Plan, and are not subject to any deductions for costs or attorneys' fees.  Dkt. #4, ¶¶11-13.

The instant action arises out of Plaintiff's efforts to recoup medical expenses it incurred on behalf of defendant Rhonda Rose ("Defendant Rose").  Defendant Rose was a Plan beneficiary in 2003 when she was injured in an automobile accident.  The Plan paid $31,581.09 in medical expenses associated with those injuries.  Dkt. #4, ¶¶ 15, 16.  Thereafter, Defendant Rose retained Nelson Langer Engle, PLLC ("Defendant Nelson Firm") to pursue claims relating to the accident and her injuries.  Defendant Rose settled her claims against a third party for an amount "substantially in excess" of $31,581.09 and recovered an additional $100,000 from her uninsured motorist carrier.  *Id.* at ¶¶ 18, 19.  Defendant Nelson Firm retained a portion of those funds as its fee for providing legal services.  Defendant Rose has never reimbursed the Plan for the medical expenses paid as a result of her injuries, and the disputed sum is held in trust by Defendant Nelson Firm.

# III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  FRCP 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747).  Material facts are those which might affect the outcome of the suit under governing law.  *Anderson,* 477 U.S. at 248.

# IV. DISCUSSION

## A.  Plaintiff's Claim against Counsel for Equitable Relief under §502(a)(3)

Plaintiff claims Defendant Nelson Firm has violated the Plan by retaining a portion of the settlement funds as its fee for legal services; and by continuing to hold settlement funds allegedly belonging to Plaintiff.  Plaintiff asserts a claim for equitable relief under ERISA §502(a)(3), which permits a civil cause of action by an ERISA plan participant, beneficiary, or fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. §1132(a)(3).

Under the Plan, proceeds paid as a result of other settlements -- a portion of which in this case held in trust by Defendant Rose's attorneys -- must be reimbursed to the Plaintiff.  In fact, the Plan states that it has "the right to be reimbursed…for the reasonable value of any

1    services and benefits" provided by the plan, "from any…person or entity who is or may be

2    obligated to provide benefits or payments to you, … [or] [a]ny person or entity who is liable for

3    payment to you on any equitable or legal liability theory." Dkt. #34, Berndt. Dec., Ex 1 p. 71.

4    The Health Plan also states that "no court costs or attorneys' fees may be deducted from our

5    recovery without our express written consent." *Id.*

6        Having brought suit against both Defendant Rose and Defendant Nelson Firm who

7    represents her, Plaintiff's claims raise the issue of whether an attorney may be reached by an

8    equitable lien pursuant to ERISA §502(a)(3).  This Court, in refusing to dismiss Plaintiff's claim

9    against the Nelson Firm, relied on *Sereboff v. Mid-Atlantic Medical Services* in concluding that a

10   valid claim for equitable relief under §502(a)(3) is established where (1) plaintiff specifically

11   identifies a distinct fund, separate from the defendant beneficiary's general assets and (2)

12   plaintiff specifies a particular share to which it is entitled.  547 U.S. 356, 362-363 (2006).  The

13   Sixth and the Fifth Circuits have held that equitable liens may be enforced against both plan

14   beneficiaries and their attorneys who refused to reimburse the health plan after receiving sizable

15   settlements.  *See Longaberger Co. v. Kolt,* 586 F.3d 459 (6th Cir. 2009); *Bombardier Aerospace*

16   *Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348 (5th Cir. 2003).

17   In these cases, the decisions held that the refusal to reimburse constituted a violation of the terms

18   of the plan, and the plaintiffs validly sought *in rem* imposition of constructive trusts against the

19   attorneys' accounts.  As such, the plaintiffs' claims qualified as "appropriate equitable relief"

20   under §502(a)(3).

21       However, while the Supreme Court's decision in *Sereboff* makes clear the circumstances

22   under which a health plan may state a claim in equity under §502(a)(3) against a beneficiary, it

23   falls short of making the broader pronouncement that a plan's equitable lien may be enforced

24

1   against an *attorney* who is not a signatory to the reimbursement agreement.  It is possible to read

2   *Sereboff* as standing for the broad proposition that a claim for *in rem* equitable relief may be

3   brought, regardless of any contractual or fiduciary relationship between the health plan and the

4   defendant.  Indeed, several sister circuits reached such a conclusion.  *See Longaberger,* 586 F.3d

5   459; *Bombardier Aerospace*, 354 F.3d 348.

6          Nevertheless, there is no authority in the Ninth Circuit that would lend support to such a

7   broad interpretation of the *Sereboff* decision.  The relevant authority from within the Ninth

8   Circuit does not favor allowing equitable relief to be sought against a beneficiary's attorney

9   under §502(a)(3).  In *Hotel Employees & Restaurant Employees Internat'l Union Welfare Fund*

10  *v. Gentner*, the Ninth Circuit held that an ERISA plan's lien could not be enforced against an

11  attorney who was not a signatory to the reimbursement agreement or who did not expressly agree

12  to the plan's lien.  50 F.3d 719 (9th Cir. 1995).  The *Gentner* decision specifically noted that

13  where the interests of a signatory and a non-signatory to a contractual obligation are "materially

14  inseparable," the non-signatory may be liable under ERISA.  *Id.* at 722.  However, *Gentner*

15  explicitly found that the attorney-client relationship is distinguishable since an attorney and a

16  client are not "alter egos.''  *Id.*  Rather, *Gentner* reasons, because an attorney owes a client a

17  duty of loyalty, which does not flow back from the client to the attorney, an attorney and a client

18  are not "materially inseparable."  *Id.*

19          Though Plaintiff vigorously argues otherwise, *Gentner* remains controlling authority in

20  the Ninth Circuit.  The recent Ninth Circuit decision in *A.C. Houston Lumber Co. v. William L.*

21  *Berg; Berg Injury Lawyers*, reversed a district court decision, which held that an ERISA plan's

22  lien had priority over attorneys' fees.  No. 10-15170, 2010 WL 5439786, at *1 (9th Cir. Dec. 29,

23  2010).  The Ninth Circuit reasserted the reasoning of *Gentner*, and expressly stated that *Sereboff*

24

1   did not overrule *Gentner*, nor did *Sereboff* undermine the reasoning of *Gentner*.  *Id.*  *A.C.*

2   *Houston* further asserted that because *Sereboff* concerned claims against the plan beneficiaries

3   who were bound by the plan terms, *Sereboff* did not weaken the logic of *Gentner*, which dealt

4   with attorneys that were not parties to the plan.  *Id.*

5        Plaintiff has argued that the recent unpublished Ninth Circuit decision in *A.C. Houston* is

6   "neither controlling nor persuasive."  However, Circuit Rule 36-3(b) states that unpublished

7   dispositions and orders of the Ninth Circuit issued on or after January 1, 2007 may be cited by

8   the courts of the circuit in accordance with Federal Rule of Appellate Procedure 32.1.  In turn,

9   FRAP 32.1(a) states that "[a] court may not prohibit or restrict the citation of federal judicial

10  opinions, orders, judgments, or other written dispositions that have been: (i) designated as

11  unpublished, not for publication, nonprecedential, not precedent, or the like and (ii) issued on or

12  after January 1, 2007."  As such, this Court may freely consider the recent *A.C. Houston*

13  decision.  Regardless, the case law of the Ninth Circuit leads to the conclusion that an equitable

14  lien may not be enforced against Defendant Nelson Firm.

15  **B.  Plaintiff's Claim against Beneficiary for Equitable Relief under §502(a)(3)**

16       Having determined that Plaintiff may not assert an equitable claim against the defendant

17  Nelson Firm, the Court now addresses the equitable claim against defendant Rose.  As discussed

18  *supra*, a valid claim for equitable relief under §502(a)(3) is established where (1) plaintiff

19  specifically identifies a distinct fund, separate from the defendant beneficiary's general assets

20  and (2) plaintiff specifies a particular share to which it is entitled.  *Sereboff,* 547 U.S. 362-363.

21  Also referenced *supra* is the language of the plan, which unambiguously states that it has "the

22  right to be reimbursed…for the reasonable value of any services and benefits" provided by the

23  plan.

24

1    Plaintiff has satisfied the requirements of §502(a)(3) in that Plaintiff has identified a

2    specific fund distinct from the Defendant Rose's general assets.  That fund is held in trust by the

3    Nelson Firm on behalf of Defendant Rose.  Plaintiff also identifies a particular share to which it

4    claims to be entitled.  That share consists of the reimbursement set forth under the language of

5    the plan, which is the reasonable value of any services and benefits ($31,581.09) provided by the

6    plan.

7    Moreover, the language of the plan is clear in reserving its right to reimbursement.

8    Defendant Rose received settlement money in an amount substantially above the value of the

9    benefits received from Plaintiff, and as such the plan's right to reimbursement has been

10   triggered.   Moreover, the law in the Ninth Circuit is clear in establishing that the "make whole"

11   doctrine, which prohibits an insurance company from asserting a right to reimbursement where

12   the insured has not been made whole by receiving full compensation for her injuries, is merely a

13   default rule which applies in the absence of any terms or language to the contrary.  In this case,

14   the language of the plan is clear, and Defendant Rose has accepted the benefit of a plan that

15   expressly disclaims the "make whole" doctrine.  Plaintiff's equitable lien can be validly asserted

16   against Defendant Rose.

17                                          **V. CONCLUSION**

18   Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

19   and the remainder of the record, the Court hereby finds and ORDERS:

20

21   (1) Plaintiff's Motion for Summary Judgment (Dkt. #31) is GRANTED as to the

22        equitable lien asserted against Defendant Rose and DENIED as to the equitable lien

23        asserted against Defendant Nelson Firm.

24   (2) Defendant Rose's Cross Motion for Summary Judgment (Dkt. #41) is DENIED.

1  (3) Defendant Nelson Firm's Motion for Summary Judgment (Dkt. #44) is GRANTED.

2  (4) Defendants are directed to reimburse Plaintiff according to this order.  As such, the

3      Nelson Firm is directed to deduct its fees and costs from the $31,581.09 pursuant to

4      its agreement with its client, Rhonda Rose, and return the difference to Plaintiff.

5  (5) This action is DISMISSED.  The Clerk is directed to close this case.

6

7      Dated January 19, 2011.

8

9

10

11                                          RICARDO S. MARTINEZ

12                                          UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24